# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL O. DeVAUGHN, | CASE NO. 1:12-cv-00385-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND AS BARRED BY *HECK v. HUMPHREY* |
| v. | |
| NORTH KERN STATE PRISON, et al., | |
| Defendants. | Doc. 9 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History, Screening Requirement, and Standard**

On March 14, 2012, Plaintiff Michael O. DeVaughn ("Plaintiff") a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On July 26, 2012, Plaintiff filed a first amended complaint,[1] providing a background on his various petitions for writ of habeas corpus[2] and alleging unlawful imprisonment. Doc. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff may amend once as a matter of right without leave of court. Fed. R. Civ. P. 15(a)(1).

[2] Throughout Plaintiff's first amended complaint, he refers to himself as "Petitioner."

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 676; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

//

**II. Allegations in Plaintiff's Complaint**

In Plaintiff's complaint, he names Edmund G. Brown, Jr., Governor of California; Kamala D. Harris, Attorney General; Matthew Kate, Secretary of Corrections; Paul E. Zellerbach, District Attorney Riverside County; Warden, North Kern State Prison; Darren J. Mannion, Riverside County District Attorney's Office; Raymond G. Ramirez, Deputy District Attorney; D. Martin, Correctional Counselor for North Kern State Prison; Appeals Coordinator, North Kern State Prison; James D. Dutton, Supervising Deputy Attorney General; and Idan Ivri, Deputy Attorney General. Am. Compl. at 3-5, Doc. 9.

On November 8, 2006, defendants falsely arrested Plaintiff in Birmingham, Alabama. *Id.* On December 8, 2008, Plaintiff filed a writ of habeas corpus. *Id.* at 8. In December 2009, Plaintiff filed a motion to recuse the local district attorney's office. *Id.* In January 2011, defendants admitted in open court when seeking to withhold time credits that Plaintiff has been in federal custody since 2006. *Id.* at 10.

On March 4, 2011, the defendant sent Plaintiff to North Kern State Prison out of retaliation. *Id.* Plaintiff immediately challenged his commitment and sought release from state custody. *Id.* On March 30, 2011, Plaintiff filed an administrative appeal to correct California Penal Code § 681 [Punishment; imposition only upon legal conviction]. *Id.* at 7. On April 3, 2011, the appeal was rejected. *Id.* On April 10, 2011, Plaintiff asked D. Martin, Correctional Counselor, why his grievance was not answered. *Id.* Martin ignored Plaintiff and served him with an unlawful detainer. *Id.* On April 13, 2011, Plaintiff filed a second administrative appeal regarding his April 3, 2011 appeal, Martin's refusal to put corrective measures in process, and for defendant and staff's refusal to send Plaintiff to federal custody. *Id.*

Rather than address the April 3, 2011 and April 13, 2011 grievances, the defendants transferred Plaintiff to the Los Angeles County Jail. *Id.* North Kern State Prison maintained constructive custody of Plaintiff pursuant to California Penal Code § 2620 [Proceedings in which prisoner may be produced; procedure; form of order; custody; appearance in other proceedings]. *Id.* On October 4, 2011, Plaintiff filed his third motion to recuse the district attorney's office. *Id.*

On January 29, 2012, Plaintiff's motion to recuse the district attorney's office was denied.

*Id.* The defendants have violated their obligation to turn over discovery throughout Plaintiff's false imprisonment in the State of California. *Id.* at 10-11.

For relief, Plaintiff seeks an order staying the March 4, 2011 commitment order as a violation of California Penal Code § 681; an order staying the Los Angeles Superior Court proceeding; an order to the U.S. Parole Commission to remove all warrants against Plaintiff; an immediate custody hearing to determine his custody status; and to direct the U.S. Marshal Service in the Northern District of Alabama to provide arrest team documents. *Id.* at 12.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Rule 20(a) and Venue

Plaintiff's complaint is in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 20(a)(2), persons may be joined as defendants in one action if the right asserted against them arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding unrelated claims against different defendants belong in different suits). Plaintiff's claims against defendants arising from occurrences in other districts in California or the United States should be filed in the proper venue in a separate civil action.

#### B. *Heck* Bar

*Heck v. Humphrey*, 512 U.S. 477, 486 (1994), provides that in order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions which would render a conviction or sentence invalid, a plaintiff must prove that his conviction or sentence is no longer valid, as a precondition to bringing suit. *See also Guerrero v. Gates*, 442 F.3d 697, 703–04 (9th Cir. 2006). California courts apply the same rule to claims under state law that collaterally attack a valid conviction. *See Lujano v. County of Santa Barbara*, 190 Cal. App. 4th 801, 806–08 (2010). *Webb v. City and County of San Francisco*, 2011 WL 6151605 (N.D. Cal. Dec. 12, 2011).

Since Plaintiff seeks to challenge the validity of a conviction and the lawfulness of his confinement, *Heck* bars all of Plaintiff's claims.

//

//

### C. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Simply naming a defendant is insufficient to hold a defendant liable based on a position of authority as Plaintiff has not alleged any facts linking Edmund G. Brown, Jr., Governor of California; Matthew Kate, Secretary of Corrections; and the Warden of North Kern State Prison to acts or omissions, which suggest that the defendants participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon supervisory liability.

### D. First Amendment Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges retaliation, but Plaintiff fails to allege he was engaged in protected conduct;

that such action chilled the exercise of his First Amendment rights; and that the action did not reasonably advance a legitimate correctional goal. Moreover, Plaintiff failed to link a named defendant to his allegations of retaliation pursuant to *Iqbal*, 556 U.S. at 678-79; *Simmons*, 609 F.3d 1011, 1020-21; *Ewing*, 588 F.3d at 1235; and *Jones*, 297 F.3d at 934. Plaintiff's vague and conclusory allegations of retaliation fail to state a claim.

### E. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

### F. Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

//

**IV. Conclusion and Recommendation**

Plaintiff's complaint fails to state any claims upon which relief may be granted. Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Here, however, it does not appear that amendment of the complaint would cure its deficiencies (absent the invalidation of the underlying conviction). Therefore, any further amendment would appear to be futile in light of the fact that Plaintiff's claim is barred by *Heck*. Where amendment would be futile, a complaint may properly be dismissed without leave to amend. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004). The Court believes that any amendment to the complaint would be futile, and the complaint should be dismissed without leave to amend.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action is DISMISSED, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983 and as barred by *Heck v. Humphrey*;

2. All pending motions are MOOT for review; and

3. The Clerk of the Court is directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  August 23, 2012

UNITED STATES MAGISTRATE JUDGE