# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL O. DEVAUGHN,<br><br>              Plaintiff,<br><br>     vs.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>              Defendants. | )  1:12cv00385 LJO DLB PC<br>)<br>)<br>)  ORDER DENYING MOTION<br>)  TO ALTER OR AMEND<br>)  THE JUDGMENT<br>)<br>)  (Document 19)<br>)<br>) |

Plaintiff Michael O. DeVaughn ("Plaintiff"), a state prisoner proceeding pro se and informa pauperis, filed this action on March 14, 2012.  He filed a First Amended Complaint on July 26, 2012.

On August 23, 2012, the Magistrate Judge issued Findings and Recommendations that the First Amended Complaint be dismissed without leave to amend.  Plaintiff filed objections, but the Court adopted the Findings and Recommendations on November 7, 2012.  The Court also entered judgment on November 7, 2012.  Defendants were not served and did not appear in this action.

On December 7, 2012, Plaintiff filed a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).[1]  Plaintiff contends that the Court committed clear error in adopting the Findings and Recommendations.[2]

## DISCUSSION

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir.1999) (internal citation omitted).

The Court dismissed Plaintiff's First Amended Complaint, which challenged prior criminal proceedings, as barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994).  In the instant motion, he contends that the Court committed clear error in dismissing the action because he is entitled to injunctive relief pursuant to 18 U.S.C. § 3626, notwithstanding the Heck bar.

The form of relief sought by Plaintiff does not alter the fact that his claims are barred in the first instance.  Plaintiff faults the Court for not considering the possibility of injunctive relief, but fails to understand that relief, in any form, is only appropriate where the complaint states a cognizable claim for relief.  Here, Plaintiff's claims challenged his conviction and were therefore barred by Heck.

To the extent that Plaintiff seeks to characterize his claims as ones that do not challenge his conviction pursuant to Heck, his argument fails.  Plaintiff seeks to establish that Defendants did not have proper jurisdiction over him during certain criminal proceedings.  If Plaintiff succeeded on such a claim, it would indirectly affect his sentence.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v.

---

[1] Pursuant to the mailbox rule, Plaintiff's motion was filed within 28 days of the entry of judgment.

[2] Plaintiff also states that he brings this motion because the November 7, 2012, order was not appealable "within the meaning of 54(b)." Rule 54(b) is not applicable, however, as the November 7, 2012, order disposed of all claims and ordered the entry of judgment.  For purposes of appeal, the November 7, 2012, order is a final order.

1   Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11

2   S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional

3   conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has

4   been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

5   authorized to make such determination, or called into question by a federal court's issuance of a

6   writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A

7   claim for damages bearing that relationship to a conviction or sentence that has not been so

8   invalidated is not cognizable under § 1983." Id. at 488.

9
10          Plaintiff's reliance on United States v. Toscano, 500 F.2d 267 (1974) also fails.  Toscano

11  involved a direct appeal from a federal criminal conviction.  Plaintiff's action, by contrast, is a

12  civil rights action brought under 42 U.S.C. § 1983.  While a plaintiff can challenge his

13  conviction on direct appeal, he cannot do so in a section 1983 action.

14          Finally, insofar as Plaintiff now contends that his claims were "designed at challenging

15  the administrative grievance process, to have the state officials put corrective measure in process,

16  and contact the attorney general," Plaintiff was advised that the prison grievance procedure does

17  not confer any substantive rights upon inmates.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

18  1993).  Similarly, to the extent Plaintiff cites his First Amendment right of access to the courts,

19  this constitutional right does not guarantee a successful result.

20
21
22  IT IS SO ORDERED.

23
24      Dated:   **January 30, 2013**               **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES DISTRICT JUDGE
25
26
27
28

3